UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DENNIS BURNS, Sr.,

    Plaintiff,

v.

KIM STROUD, LEAH CLISBY,
MARTEZ WILLIAMS,
TANISHA DAVIS, and
MICHELE OBERHOLTZER,

    Defendants.

Case No. 21-cv-11196

Paul D. Borman
United States District Judge

_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

Plaintiff Thomas Dennis Burns, Sr. filed this action *pro se* under the criminal statute, 18 U.S.C. § 1708, Theft or Receipt of Stolen Mail, against five individual defendants. (ECF No. 1, Complaint.) He alleges that Defendant Martez Williams stole mail from Plaintiff's mailbox and attempted to enter Plaintiff's property, and that the remaining four defendants, alleged "United Community Housing Coalition employees," "assisted Martez Williams with unlawfully purchasing the property after stealing letters from Plaintiff's Mailbox[.]" (*Id.* PageID.1-2) Plaintiff purports to assert four "causes of action": (1) Defendant Williams "has had access to steal and tamper with the contents of mail matter belonging to Plaintiff Burns;" (2)

Defendant Williams "was recorded going into the Plaintiff's mailbox and pulling the armor door of the residence at the same time as he went into the Plaintiff's mailbox;" (3) Williams and the other defendants collectively "breach[ed] and knowingly fraud[ed] the Plaintiff out of his investments into the Property and Selling the home to Defendant Williams, when they were aware of the agreement with the Plaintiff Burns;" and (4) "[t]he Defendants all acted together to fraud the Plaintiff out of his investments into the property and a home ultimately leaving him emotionally distressed[.]" (*Id.* PageID.3) He seeks as relief ownership of the Property at issue, $300,000.00, issuance of a mechanic's lien, and that "(TRO's), are ordered against the Defendants for the actions explained in this complaint." (*Id.* PageID.2)

Plaintiff also filed an Application to Proceed Without Prepaying Fees or Costs. (ECF No. 2, IFP Application.) He asserts that he makes $73.00 per month in pay or wages, has $63.00 in his checking or savings account, and has over $2000.00 in monthly expenses. (*Id.*) The Court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.B. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The court "shall dismiss" the case if the court finds

that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Federal courts can only hear certain kinds of cases, namely those that fall within the courts' "subject matter jurisdiction." A federal court's subject matter jurisdiction is limited to 1) issues arising under the Constitution or a federal statute (*"federal question"* jurisdiction), or 2) from a dispute between two parties from different states (*"diversity of citizenship"* jurisdiction). 28 U.S.C. §§ 1331, 1332. For a court to have federal question jurisdiction, the action must arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, there must be diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity," that is, that all the defendants be from a different state than all the plaintiffs. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). If a complaint is filed in federal court and does not fall within one of these two categories, the court does not have jurisdiction over it, and the court therefore cannot grant relief.

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an

attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, § 1915(e)(2)(B) directs that this Court must nonetheless dismiss such a complaint if, given that liberal construction, it is frivolous or fails to state a claim on which relief can be granted. To state a claim for relief, the factual allegations of the Complaint must demonstrate a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). The *Twombly* standard governs dismissals under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A claim is frivolous when it lacks an arguable basis in law or in fact, and a court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where its factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Plaintiff purports to invoke this Court's federal question jurisdiction under 18 U.S.C. § 1708, a criminal statute. (Compl., PageID.1-2) "[T]he general rule is that a private right of action is not maintainable under a criminal statute." *American Postal Workers Union AFL–CIO, Detroit Local v. Indep. Postal Sys. of America,* 481 F.2d 90, 93 (6th Cir. 1973). "Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions." *Id.* (internal quotation marks and citation omitted). "[W]here there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to

4

anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.,* 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash,* 422 U.S. 66, 80 (1975)); *see also Ellison v. Cocke Cnty., Tenn.*, 63 F.3d 467, 470 (6th Cir. 1995) ("[I]n determining whether a private right of action is implicit in a statute, the 'focal point is Congress' intent in enacting the statute.'") (*quoting Thompson v. Thompson,* 484 U.S. 174, 179 (1988)). As the Supreme Court has said, that Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Chrysler Corp. v. Brown,* 441 U.S. 281, 316 (1979), (*quoting Cort*, 422 U.S. at 79).

Nothing in the criminal statute, 18 U.S.C. § 1708, suggests that Congress intended to permit private parties to sue other private parties. In that statute, the only consequences spelled out for violating the law are fine and imprisonment, which are not civil remedies. 18 U.S.C. § 1708. Consequently, Plaintiff's Complaint does not state a plausible civil claim under that statute.

Reading Plaintiff's Complaint liberally, the remaining claims appear to assert state law claims for fraud and/or civil conspiracy. These claims do not arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff therefore fails to state a basis for federal question jurisdiction. And, because Plaintiff

and Defendants all appear to be residents of the State of Michigan, this suit does not meet the requirement of diversity jurisdiction. 28 U.S.C. § 1332.

For the reasons articulated above, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) is **GRANTED**. However, because Plaintiff's Complaint fails to show any basis for federal jurisdiction as to any claim against any defendant in this case, this is not the right legal forum for Plaintiff's concerns to be addressed. Therefore, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

                                                              s/Paul D. Borman  
                                                              Paul D. Borman  
                                                              United States District Judge

Dated: May 27, 2021